UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PATRICIA EMPSON, )<br>      Plaintiff )<br> )<br>v. )<br> )<br>REEBOK INTERNATIONAL, LTD, )<br>      Defendant. ) | Cause No. |

## COMPLAINT

COMES NOW the Plaintiff, Ms. Patricia Empson, hereinafter Empson, by counsel, and herein files her Complaint and Demand for Jury Trial, against the Defendants, and shows the Court the following:

### JURISDICTION AND VENUE

1.  This is an action authorized and instituted in part pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq, (hereinafter called "ADEA").

2.  This is an action authorized and instituted in part pursuant to Title VII of the Civil Rights Act of 1964 (hereinafter call "Title VII").

3.  The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United State District Court, Southern District of Indiana.

### PARTIES

4.  The Plaintiff, Patricia Empson, is a female citizen of these United States of America and is a qualified employee for the purposes of the ADEA and Title VII.

5.  Defendant is a qualified employer for the purposes of the ADEA and Title VII.

### ADMINISTRATIVE PROCEDURES

6.  On or about September 9, 2020, Empson filed a timely charge of Age Discrimination, violation of Title VII and retaliation against Defendant with the Equal Employment Opportunity Commission (hereinafter the "EEOC"), Charge Number 470-2020-03855.

7.  Empson received a Notice of Right to Sue from the EEOC for Charge Number, 470-

2020-03855, entitling her to commence action within ninety (90) days of her receipt of the Notice (A copy of said right to sue letter has been attached hereto and marked as "Exhibit A").

    8.    The Complaint in this matter was filed within ninety (90) days of receipt of the above-referenced Notice from the Equal Employment Opportunity Commission.

## **FACTS**

    9.    Empson was employed by the Defendant for over four years, in total prior to the illegal and discriminatory treatment of her.

    10.    On or about January, 2019, the Defendant began subjecting Empson to increased scrutiny and disciplinary actions, resulting in the termination of her employment. The increased scrutiny and disciplinary actions were unwarranted, but were, in fact, an attempt to force Empson to quit her employment and/or build a fictitious paperwork trail in order to terminate Empson's employment.

    11.    On or about September 2018, Empson suffered a workplace injury requiring her to be off work for said injury for four months. Following her return, she was placed on "light detail" and was switched to "shift B".

    12.    Empson had previously had issues with one of Defendant's employees harassing her on "shift B", and Defendant was aware of this prior to switching her to "shift B". Once she was placed on "shift B", in or about September 2018, Defendant's employee began harassing Empson. Empson informed Defendant's management.

    13.    Empson reported the complaints to her management personnel, and filed complaints with Defendant's HR department.

    14.    Following the reporting of said complaints, the harassment continued and grew worse.

    15.    On or about September 9, 2020, Empson filed her EEOC charge.

    16.    As a result of her filing the September 9, 2020 EEOC charge, Empson was terminated

by Defendant.

17. As a direct and proximate result of the conduct as set forth hereinabove, Empson has suffered and continues to suffer substantial damages for mental anguish, emotional distress, and loss of enjoyment of life.

**COUNT I AGE DISCRIMINATION**

Empson, for her first claim for relief against the Defendants states as follows:

18. The Plaintiff hereby incorporates by reference paragraphs 1 through 17 as though previously set out herein.

19. The conduct as described hereinabove constitutes a willful violation of the ADEA, as well as bad faith interference with, restraint and denial of the exercise of the Plaintiff's rights under the ADEA.

20. As a direct and proximate result of Defendant's actions as set forth hereinabove Empson has suffered and continues to suffer substantial damages including but not limited to lost pay and lost compensation and benefits and lost earning capacity.

WHEREFORE, the Plaintiff, Empson, requests the judgment of this Court against Defendants as follows:

A. Find and hold that the Plaintiff has suffered from the Defendant's acts of willful violation of the ADEA, willful interference with, and willful denial of Plaintiff's exercise of rights under the ADEA;

B. Order that the Plaintiff be awarded damages consistent with her diminished earnings capacity, with related monetary benefits and interest thereon, for the period of time following her unlawful treatment by the Defendant;

C. Award the Plaintiff liquidated damages in an amount to be determined at trial herein;

  D. Award the Plaintiff her attorney's fees and the costs of this action;

  E. Reinstate the Plaintiff with the seniority he would have had, had he not been discriminated against;

  F. Grant such other relief as may be just and proper.

## COUNT II SEXUAL HARASSMENT

Plaintiff, for her second claim for relief against the Defendants states as follows:

21. The Plaintiff hereby incorporates by reference paragraphs 1 through 20 as though previously set out herein.

22. The conduct as described hereinabove constitutes sexual harassment against the Plaintiff and the creation of a hostile work environment.

23. By the conduct described hereinabove, the Defendants have willfully and intentionally, with malice or reckless disregard of the Plaintiff's rights, engaged in unlawful and discriminatory employment practices, materially affecting and altering the terms and conditions of the Plaintiff's employment, in violation of Title VII.

24. As a direct and proximate result of Defendants' actions as set forth hereinabove, the Plaintiff has suffered and continues to suffer substantial damages for mental anguish, emotional distress, loss of enjoyment of life, other past and future non-pecuniary losses, and lost wages and benefits.

  WHEREFORE, the Plaintiff requests the judgment of the Court against Defendants as follows:

  A. Find and hold that the Plaintiff has suffered from the Defendants' acts of sexual harassment;

  B. Order that the Plaintiff be awarded damages consistent with her diminished earnings capacity, with related monetary benefits and interest thereon;

  C. Award the Plaintiff compensatory damages in an amount to be determined at the trial of

    this matter;

 D. Award the Plaintiff punitive damages in an amount to be determined at the trial of this matter;

 E. Award the Plaintiff her attorney fees, including litigation expenses and the costs of this action;

 F. Grant such other relief as may be just and proper.

## COUNT III

## TITLE VII RETALIATION

 The Plaintiff complains against Defendants and for a third claim for relief alleges:

 25. The Plaintiff hereby incorporates by reference paragraphs 1 through 24 as though fully set out herein.

 26. The conduct as described hereinabove constitutes retaliation against Plaintiff in response to her internal complaints to the Defendant about the sexual harassment witnessed and/or reported by Plaintiff in the workplace.

 27. The conduct as described hereinabove constitutes retaliation against Plaintiff in response to her filing of an EEOC Charge relating to her harassment at the hands of Defendant and Defendant's employees.

 28. The conduct as described hereinabove constitutes retaliation against Plaintiff in response for her being injured while working in the employ of Defendant.

 29. By the conduct described hereinabove, the Defendants have willfully and intentionally, with malice or reckless disregard of the Plaintiff's rights, engaged in unlawful and discriminatory employment practices, materially affecting and altering the terms and conditions of the Plaintiff's employment, in violation of Title VII.

30. As a direct and proximate result of Defendants' actions as set forth hereinabove, the Plaintiff has suffered and continues to suffer substantial damages for mental anguish, emotional distress, loss of enjoyment of life, other past and future non-pecuniary losses, lost wages, benefits and a reduction in earning capacity.

WHEREFORE, the Plaintiff requests the judgment of the Court against Defendants as follows:

A. Find and hold that the Plaintiff has suffered from the Defendants' acts of sexual retaliation;

B. Order that the Plaintiff be awarded damages consistent with her diminished earnings capacity, with related monetary benefits and interest thereon;

C. Award the Plaintiff compensatory damages in an amount to be determined at the trial of this matter;

D. Award the Plaintiff punitive damages in an amount to be determined at the trial of this matter;

E. Award the Plaintiff her attorney fees, including litigation expenses and the costs of this action;

F. Grant such other relief as may be just and proper.

## JURY DEMAND

The Plaintiff, by counsel, hereby request a trial by jury on all issues so trialable in Counts I, II and III.

Respectfully submitted,

*/s/ Daniel K. Dilley*
Daniel K. Dilley
Robert M. Oakley
DILLEY & OAKLEY, P.C.
933 Keystone Way
Carmel, IN 46032
Telephone:   (317) 564-4937
Facsimile:    (866) 553-7643
Email:         d.dilley@dilley-oakley.com
                   firm@Dilley-Oakley.com

*Attorneys for Plaintiff*